J-A12010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RONALD L. WILLIAMS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VIRGINIA LARAINE WILLIAMS, | |
| Appellant | No. 2406 EDA 2015 |

Appeal from the Order Entered July 9, 2015
In the Court of Common Pleas of Chester County
Domestic Relations at No(s): 2011-04136

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:　　　　　**FILED AUGUST 11, 2016**

Virginia Laraine Williams (Wife) appeals from the court's order, dated July 1, 2015, and entered on July 9, 2015, that sustained Ronald L. Williams' (Husband) exception to the master's award of indefinite alimony. Specifically, the court's order directed Husband to pay to Wife alimony in the amount of $6,750 per month only until December 31, 2018, rather than for an indefinite time.  After review, we affirm.

The parties were married in September of 1986, and are the parents of two daughters.  On April 13, 2011, Husband filed a complaint in divorce, which eventually led to a number of hearings held before a master.  The master's report, issued on May 12, 2014, recommended a 60% - 40% split

_____

[*] Former Justice specially assigned to the Superior Court.

of the marital property with Wife receiving the larger share. The master also recommended an award of alimony to Wife for an indefinite period of time. Husband filed an inordinate number of exceptions, which the court overruled. However, the court sustained Husband's exception to the indefinite period of alimony and awarded Wife alimony only until December 31, 2018.

Wife appealed and now raises the following issues for our review:

1. Whether the trial court erred in sustaining Husband's [o]bjection [to] the [m]aster's award of indefinite alimony by failing to consider the composition of the assets awarded to Wife[?]

2. Whether the trial court erred in sustaining Husband's [e]xception to the [m]aster's award of indefinite alimony by failing to consider Wife's inability to maintain her prior lifestyle on the very limited income-producing assets awarded to her[?]

3. Whether the [t]rial [c]ourt erred in sustaining Husband's [e]xception to the [m]aster's award of indefinite alimony by failing to consider Husband's income in excess of $750,000 per year ($40,000 per month), from which the alimony of $4,000 is deductible from Husband's income[?]

4. Whether the [t]rial [c]ourt erred in sustaining Husband's [e]xception to the [m]aster's award by failing to consider that a large portion of the assets awarded to Wife were either monies previously received or phantom assets or airline points which are not income producing[?]

Wife's brief at 6.[1]

_____

[1] We note that Wife's brief does not contain a copy of the trial court's Pa.R.A.P. 1925(a) opinion, which is required by Pa.R.A.P. 2111(b). Furthermore, the argument section of Wife's brief does not comport with
*(Footnote Continued Next Page)*

- 2 -

We conduct our review of the issues raised by Wife according to the following standard:

> The role of an appellate court in reviewing alimony orders is limited; we review only to determine whether there has been an error of law or abuse of discretion by the trial court. Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court.

*Smith v. Smith*, 904 A.2d 15, 20 (Pa. Super. 2006). Likewise:

> The purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. In determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed for at 23 Pa.C.S.A. § 3701. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay.

*Isralsky*, 824 A.2d 1178, 1188 (Pa. Super. 2003).

*Dalrymple v. Kilishek*, 920 A.2d 1275, 1278-79 (Pa. Super. 2007).

*(Footnote Continued)* ───────────

Pa.R.A.P. 2119(a), which requires that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Instead, the argument section of Wife's brief begins by alleging that the trial court "relied on only one of the seventeen (17) factors" set forth in 23 Pa.C.S. § 3701, and then lists all the factors and provides discussion about each one. Moreover, in the argument section of the brief, there is no specific reference to the issues listed on page 6 of Wife's brief, which in turn renders our review more difficult.

Despite our reference in footnote 1 to the incorrect format of Wife's brief, we are able to understand the errors Wife alleges, as did the trial court. Therefore, having reviewed the certified record, the briefs of the parties, the applicable law, and the thorough and well-reasoned analysis provided by the Honorable James P. MacElree II of the Court of Common Pleas of Chester County in his opinion, entered on July 9, 2015, and his Rule 1925(a) opinion, entered on September 22, 2015, we conclude that Judge MacElree considered the statutory factors as they applied to the facts of this case and correctly disposed of the issues presented by Wife. Accordingly, we adopt his opinions as our own and affirm the order on that basis.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016

*TCO #1 - 6 pgp —*

RONALD L. WILLIAMS,
Plaintiff

v.

VIRGINIAL L. WILLIAMS,
Defendant

: IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

: CIVIL ACTION – IN DIVORCE

: NO. 2011-04136

Plaintiff, *pro se*
Lynne Z. Gold-Bikin, Esquire, Attorney for Defendant

## OPINION AND ORDER

This matter is before the Court on Ronald Williams' Exceptions to the May 12, 2014, Report of Master Lynne Snyder, Esquire.

### Factual and Procedural History

Virginia Williams (Wife) and Ronald Williams (Husband) were married on September 6, 1986. They are the parents of two daughters, Rebecca (d.o.b. 5/16/98) and Lyndsey (d.o.b. 10/14/99). Wife is fifty-six years old and has a bachelor's degree in nursing and a master's degree in health care administration. Wife once earned a high salary as a sales representative and as a consultant, but was laid off from her last full-time job in 2009. Wife's mental health issues have since limited her earning capacity. Husband is an attorney, is fifty-four years old, and is a highly compensated partner with the law firm of Fox-Rothchild LLP.

Husband filed for divorce on April 13, 2011, and requested the appointment of a Master on April 30, 2012. The Master held a preliminary conference on June 1, 2012, and settlement conferences on September 19, 2012 and March 8, 2013.

On October 23 and 24, 2013, and December 18, 2013, the Master heard testimony on the parties' equitable distribution claims. The record was kept open, and the Master heard additional evidence on Wife's earning capacity on February 20, 2014. The Master issued her report on May 12, 2014. In it, the Master recommended that the marital estate be divided 60% to Wife and 40% to Husband. She also recommended that Husband pay alimony, indefinitely, to Wife. On June 2, 2014, Husband filed ninety-five exceptions to the Master's report.

## EXCEPTIONS

The marital assets in this matter are significant, and are valued at over four million dollars. In fashioning an equitable distribution award courts have broad equitable powers to effectuate justice, and are to analyze and apply the factors set forth in 23 Pa. C.S.A. § 3502. *Gill v. Gill*, 677 A.2d 1214, 1216 (Pa.Super. 1996). The facts of the particular case mandate how the section 3502 factors will be applied. *Gates v. Gates*, 933 A.2d 102, 105 (Pa.Super. 2007). Instantly, the Master applied all statutory factors and found it equitable that Wife receive 60% of the marital assets. In his exceptions Husband makes no significant challenge to this distribution, and our review reveals no error. Thus, we address this matter no further.

2

In his exceptions to the Master's report, Husband raises many, many exceptions to the decision to impute to Wife an earning capacity of only $8.25 per hour. However, the issue of Wife's earning capacity has been discussed, and decided, in the parties' support action. On June 29, 2015, we authored an opinion and entered an order that overruled Husband's exceptions to the Hearing Officer's recommendation on this issue. We incorporate that discussion herein. See: *Williams v. Williams*, No. 01108N2011, PACSES No. 977112551.

We turn now to the only issue Husband analyzes in his brief in support of his exceptions, the award of alimony. The Master recommended that Husband pay Wife alimony in the amount of $6,750 per month until 2019 (when the mortgage on the marital residence would be paid off) and thereafter alimony in the amount of $4,000 per month indefinitely. Husband strenuously objects to the Master's award, arguing that awarding indefinite alimony was error. We agree.

23 Pa. C.S.A. § 3701(a) provides that a court entering a divorce decree may also award alimony, if it finds that such an award is necessary  In determining whether alimony is necessary, and its amount and duration, a court is to consider the seventeen factors listed in 23 Pa.C.S.A. § 3701(b). They are:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

3

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

4

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

The Master, after considering these factors recommended indefinite alimony. The Master based this decision in part, because Wife could not provide for her reasonable needs without "spending down" her equitable distribution award. Report of the Master, 5/12/14, pp. 28-29. However, an award of alimony after a divorce is a *secondary remedy* that "is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award." *Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa.Super. 2004) (citation omitted) (emphasis in original).

In this matter, economic justice can be achieved through the equitable distribution of the parties' significant marital assets and an award of alimony that terminates on December 31, 2018. Thus, we agree with the Master's recommendation that Husband pay to Wife alimony in the amount of $6,750 per month until December, 2018, at which time the mortgage on the marital residence will be paid off. In addition, Wife is to receive 60% of the marital estate in equitable distribution, assets totaling nearly two and one-half million dollars ($2,436,744), an amount more than sufficient to meet her reasonable needs in the future. Indefinite alimony is a remedy not needed here, and Husband's exception on this issue will be sustained.

For the reasons stated above, we enter the following:

5

RONALD L. WILLIAMS,
    Plaintiff

     v.

VIRGINIAL L. WILLIAMS,
    Defendant

: IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

: CIVIL ACTION – IN DIVORCE

: NO. 2011-04136

Plaintiff, *pro se*
Lynne Z. Gold-Bikin, Esquire, Attorney for Defendant

FILED JUL 9 2015
3:53 pm

## ORDER ON EXCEPTIONS

AND NOW, this 1st day of July, 2015, upon consideration of Plaintiff's Exceptions to the Report and Recommendation of the Master dated May 12, 2014, it is hereby **ORDERED** and **DECREED** that Plaintiff's Exception to the Master's award of indefinite alimony is **SUSTAINED.** Plaintiff shall pay to Defendant alimony in the amount of $6,750 per month until December 31, 2018, at which time Plaintiff's alimony obligation shall terminate. The remainder of Plaintiff's exceptions are **OVERRULED.**

BY THE COURT:

JAMES P. MacELREE II             J.

6

TCO #2 - 5 pgp

| | |
|---|---|
| RONALD L. WILLIAMS | : IN THE COURT OF COMMON PLEAS |
| | : CHESTER COUNTY, PENNSYLVANIA |
| v. | |
| | : CIVIL ACTION – IN DIVORCE |
| VIRGINIA L. WILLIAMS | : NO. 2011-04136 |

Ronald L. Williams, *pro se*
Lynne Z. Gold-Bikin, Esquire, Attorney for Virginia Williams

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

Pursuant to this Court's order, Virginia Williams is to receive 60% of the parties' $4,061,240.20 marital estate in equitable distribution. She will also receive $6,750.00 per month in alimony until December 31, 2018, when the mortgage on the marital residence (which she retains) will be satisfied. Ms. Williams' has now filed an appeal to the Superior Court of Pennsylvania from our order of July 1, 2015, in which we sustained Ronald Williams' exception to the Master's recommendation that he pay his ex-wife indefinite alimony. On appeal she claims that, in addition to the 2.4 million dollars she will receive from the marital estate, she is also entitled to an award of indefinite alimony. We write now pursuant to the mandate of Pa.R.A.P. 1925(a).

### Factual and Procedural History

Virginia Williams (Appellant) and Ronald Williams (Appellee) were married on September 6, 1986, and divorced by order dated July 6, 2015. They are the parents of two daughters, Rebecca and Lyndsey, who are now seventeen and fifteen years old. Appellee is fifty-four years old and is a highly compensated partner with the law firm of Fox-Rothchild



LLP. Appellant is fifty-six years old, holds both bachelor's and master's degrees, and was once a highly paid sales representative and consultant. Now, due to continuing mental health issues, she is unable to work in a professional capacity, and has had imputed to her an earning capacity of $8.25 per hour.

Appellee filed for divorce on April 13, 2011, and requested the appointment of a master. The Master heard three days of testimony on the parties' equitable distribution claims prior to issuing her report on May 12, 2014. In her report, the Master recommended that Appellant receive 60% of the marital estate, and also that she receive indefinite alimony from Appellee.

Appellee filed numerous exceptions to the Master's report. On July 1, 2015, this Court overruled all exceptions save for one. Because we found that an award of indefinite alimony was not warranted in this case, we sustained Appellee's exception to the award. This appeal followed.

## Legal Analysis

In her statement of matters complained of on appeal Appellant asserts that the Court erred when denying her indefinite alimony by 1) failing to consider the composition of the assets awarded to her, 2) failing to consider her inability to maintain her prior lifestyle with the limited income-producing assets she was awarded in equitable distribution, 3) failing to consider that Appellee's income would not be significantly impacted by an award of alimony, and 4) failing to consider that a portion of the assets awarded to her had previously been received or were "phantom" assets. None of these claims entitle her to appellate relief.

2

Where a divorce decree has been entered, a court may allow alimony "only if it finds that alimony is necessary." 23 Pa.C.S.A. § 3701(a). A court should award alimony only if it finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. _Balicki v. Balicki_, 4 A.3d 654, 659 (Pa.Super. 2010). Alimony is to be "based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during their marriage, as well as the payor's ability to pay." _Teodorski v. Teodorski_, 857 A.2d 194, 200 (Pa.Super. 2004) (citation omitted). In determining whether alimony is necessary, a court is to consider all relevant factors, including the seventeen factors listed in 23 Pa.C.S.A. § 3701(b).[1] Instantly, the parties' ages, earnings and earning capacity,

---

[1] The 23 Pa.C.S.A. § 3701(b) factors are:

(1) The relative earnings and earning capacities of the parties.
(2) The ages and the physical, mental and emotional conditions of the parties.
(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
(4) The expectancies and inheritances of the parties.
(5) The duration of the marriage.
(6) The contribution by one party to the education, training or increased earning power of the other party.
(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.
(8) The standard of living of the parties established during the marriage.
(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.
(10) The relative assets and liabilities of the parties.
(11) The property brought to the marriage by either party.
(12) The contribution of a spouse as homemaker.
(13) The relative needs of the parties.
(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

3

duration of the marriage and Appellant's mental health issues have previously been mentioned in this opinion. The parties enjoyed a very good standard of living during their marriage, which standard Appellee can easily maintain through his salary. Before the Master, Appellant submitted a statement claiming that her expenses totaled $12,160 per month. Exhibit D-18. In her report, the Master adjusted certain of these expenses, and found Appellant's reasonable monthly expenses to be $8,319 per month. Because her earning capacity is limited, Appellant cannot meet these expenses through "appropriate employment." The majority of the remainder of the statutory factors are either not applicable or favor neither party.

However, of primary importance to our decision that no alimony was appropriate in this case was our consideration of factor 16, whether the party seeking alimony lacks sufficient property, including property distributed in equitable distribution, to provide for her reasonable needs. Here, Appellant was awarded 60% of a four million dollar marital estate. Included in her award were the marital residence valued at $450,960; an investment condominium valued at $240,000; the proceeds from the sale of property held by the Wooding Trust valued at $265,414; cars valued at $33,912; net rents valued at $40,266.77; checking and savings accounts valued at $113,484.54; an investment account valued at $500,711.41; and retirement accounts valued at $493,378.62. Also included were advances totaling $298,616.83. In total, Appellant was awarded assets valued at over 2.4 million dollars.

---

(15) The Federal, State and local tax ramifications of the alimony award.
(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.
(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

Appellant is to receive $6,750 per month in alimony until December 2018, at which time she will be sixty years old and her home will be fully paid for. She was also awarded marital assets valued at $2,436,744, an award $812,248 greater than that awarded to Appellee, the other partner in their marriage. After a divorce, an award of alimony is a **secondary** remedy, and is available only when economic justice cannot be achieved through equitable distribution. _Kent v. Kent_, 16 A.3d 1158, 1161 (Pa.Super.2011). Even though Appellee has the ability to pay indefinite alimony, it was error to recommend that he do so, as economic justice <u>was</u> achieved here through equitable distribution. In _O'Callaghan v. O'Callaghan_, 607 A.2d 735 (Pa. 1992), the Pennsylvania Supreme Court held that the trial court did not abuse its discretion in denying a fifty-five year old wife permanent alimony, when she received 60% of the marital estate (valued at $213,601.94 in 1987) in equitable distribution, and the court had considered her physical impairments in making that award. Here, the Master recommended indefinite alimony so that Appellant would not have to "spend down" her equitable distribution award. However, requiring Appellant to use some of her substantial assets for her own support is not unreasonable. In addition, although all of the assets Appellant received may not be easily liquidated, easy liquidation of assets is not the standard for the award of indefinite alimony. As stated previously, the standard is whether alimony is needed to achieve economic justice between the parties. Instantly, it was not, and it was unnecessary to resort to this "secondary remedy." Appellant is entitled to no relief in this case.

BY THE COURT:

_____
JAMES P. MacELREE II          J.

___9/2 2/15___
DATE

5